**U.S. Railroad Retirement Board** www.rrb.gov

# B-18-115

# RAILROAD RETIREMENT and SURVIVOR BENEFITS



|  | Page |
|---|---|
| **JRVIVOR INFORMATION** ... | 31 |
| ..................... | 31 |
| d Survivor Benefit Payments .. | 35 |
| ..................... | 35 |
| tlements ............. | 35 |
| its Are not Met .......... | 36 |
| ; .................... | 38 |
| ..................... | 39 |
| irement-Social Security Taxes . | 39 |
| rance Payments ......... | 40 |
| ..................... | 40 |
| rds .................. | 41 |
| ..................... | 42 |
| ..................... | 43 |
| **NT ANNUITY** | |
| **ITS** ................. | 44 |
| uity ................. | 44 |
| ..................... | 44 |
| ..................... | 49 |
| Dual Benefit Payment ..... | 50 |
| uity Formula ........... | 50 |
| ..................... | 51 |
| ..................... | 51 |
| ..................... | 54 |
| ..................... | 54 |
| ..................... | 55 |
| ..................... | 55 |
| ..................... | 57 |
| ..................... | 59 |

# EMPLOYEE AND SPOUSE ANNUITIES

## BASIC SERVICE REQUIREMENT

The basic requirement for a regular employee annuity is 120 months (10 years) of creditable railroad service or 60 months (5 years) of creditable railroad service if such service was performed after 1995. Service months need not be consecutive, and, in some cases, military service may be counted as railroad service.

Credit for a month of railroad service is given for every month in which an employee had some compensated service for an employer covered by the Railroad Retirement Act, even if only one day's service is performed in the month. (However, local lodge compensation earned after 1974 is disregarded for any calendar month in which it is less than $25.) Under certain circumstances, additional months of service may be deemed.

Covered employers include railroads engaged in interstate commerce and some of their subsidiaries, railroad associations and national railway labor organizations.

Railroad retirement benefits are based on months of service and earnings credits. Earnings are creditable up to certain annual maximums on the amount of compensation subject to railroad retirement taxes.

## AGE AND SERVICE, DISABILITY AND SUPPLEMENTAL ANNUITIES

*An AGE AND SERVICE ANNUITY can be paid to:*

- *Employees with 30 or more years of creditable service.* They are eligible for regular annuities based on

## RAILROAD RETIREMENT BOARD

Appeal of    **MAR - 3 2016**    )
                            )
                            )

Robert R. Acevedo            ) Claims Appeal Docket No. 14-AP-0056
                            )

R.R.B. No. A-XXX-XX-8573   )
                            )
                            )

The Board has reviewed the record in the appeal of Mr. Robert R. Acevedo from the decision of the hearings officer and has considered the argument and evidence contained therein. Mr. Acevedo appeals the decision of the hearings officer dated June 19, 2014, which found that the Tier I and Tier II annuity component of his railroad retirement disability annuity has been correctly computed as provided by law using his creditable railroad service months through 2012. Additionally, the hearings officer found that Mr. Acevedo was not entitled to credit for a railroad service month in 2012 on account of a payment that he received from his railroad employer in lieu of vacation taken, and that the Tier II compensation that Mr. Acevedo was credited with as a result of that payment does not allow for a deemed month of railroad service in 2012. Further, the hearings officer found that Mr. Acevedo has already received credit for January 2013 as a deemed month of railroad service on the basis of a payment that Mr. Acevedo received from his railroad employer in January 2013, in lieu of vacation taken. The Board affirms in part and reverses in part the decision of the hearings officer as explained in the following discussion.

Mr. Acevedo was awarded sickness insurance (SI) benefits under the Railroad Unemployment Insurance Act (RUIA) beginning in August 2012. While still being awarded SI benefits, Mr. Acevedo filed an application for an employee disability annuity under the Railroad Retirement Act (RRA) on December 26, 2012 (Exhibit 1). Before the Railroad Retirement Board (RRB) determined whether Mr. Acevedo was disabled, he was notified that he would not be entitled to an extended SI benefit period after the normal

130-day SI benefit period ended because he had only acquired 111 months of creditable railroad service through 2011 rather that the required 120 months (Exhibit 2). Mr. Acevedo replied indicating that he believed that he had exceeded the threshold by acquiring nine railroad service months in 2012 and one railroad service month in 2013 (Exhibit 3). Mr. Acevedo provided copies of two pay stubs from his railroad employer, Union Pacific Railroad (UPRR), showing that he was credited with payments in lieu of vacation in October 2012 (for a pay period which ended in September 2012) and January 2013 (Exhibits 4-3 and 4-5). The RRB verified with the UPRR that Mr. Acevedo should be credited with seven months of railroad service in 2012 for work that he performed, January through July (Exhibits 6-2 and 8-1). However, the UPRR stated that neither September nor October 2012 should be credited as railroad service months because Mr. Acevedo received a payment in lieu of vacation. Mr. Acevedo was notified on June 14, 2013 that he would receive credit for seven months of railroad service in 2012 but not for any other month in 2012 for which he only received a payment in lieu of vacation (Exhibit 10). Mr. Acevedo protested that decision on August 1, 2013 (Exhibit 11-1). On September 25, 2013, the RRB reconsideration specialist advised Mr. Acevedo that the facts of the June 14, 2013 decision were affirmed (Exhibit 15).

The RRB was notified that Mr. Acevedo received a settlement from UPRR for injuries sustained which included credit for time lost for the months of October and November 2012 (Exhibit 13). Since Mr. Acevedo worked in seven months and was credited for two months for time lost in 2012, Mr. Acevedo was credited with a total of 120 service months throughout his railroad career. In consideration of that, as well as the medical and vocational evidence, the RRB rated Mr. Acevedo disabled from performing his regular railroad occupation. A letter dated January 3, 2014 (Exhibit 19) advised Mr. Acevedo that his disability annuity would begin on January 15, 2013, the date he selected in his application as the annuity beginning date (ABD) (Exhibit 1-3). That letter also indicated that Mr. Acevedo was awarded a lump sum payment of $12,024.36 for the period from his ABD until November 2013 and that his monthly annuity payment beginning December 2013 was calculated to be $2,696.05, of which $2,252,00 was the amount of the Tier I component and $444.05 was the amount of the Tier II component (Exhibit 19). Mr. Acevedo protested the decision pertaining to the calculation of his railroad retirement annuity timely on January 17, 2014 (Exhibit 22-1). Mr. Acevedo reiterated that September 2012 and January 2013 should be considered as deemed months of railroad service (Exhibit

22). On March 7, 2014, a reconsideration specialist affirmed the calculation of Mr. Acevedo's railroad retirement annuity and reiterated that neither September 2012 nor January 2013 were creditable as months of railroad service since Mr. Acevedo had received payment in lieu of vacation (exhibit 24).

Mr. Acevedo filed a timely appeal to the Bureau of Hearings and Appeals on March 21, 2014 (Exhibit 25). In a letter dated April 8, 2014, Mr. Acevedo was informed that the issue presented in his appeal was solely a matter of law and that no hearing would be conducted. Mr. Acevedo was furnished a copy of the Administrative Record in his case and was given 30 days to comment or submit new or additional evidence in support of his claim. The hearings officer received a Congressional inquiry on April 16, 2014 and a letter from Mr. Acevedo on May 5, 2014 (Exhibits 30 and 32). In a decision dated June 19, 2014, the hearings officer found that the Tier I and Tier II annuity components of Mr. Acevedo's railroad retirement disability annuity had been correctly computed as provided by law using his creditable railroad service months through 2012. Additionally, the hearings officer found that Mr. Acevedo was not entitled to credit for a railroad service month in 2012 on account of a payment that he received from his railroad employer in lieu of vacation taken, and that the Tier II compensation that Mr. Acevedo was credited with as a result of that payment does not allow for a deemed month of railroad service in 2012. Further, the hearings officer found that Mr. Acevedo has already received credit for January 2013 as a deemed month of railroad service. Mr. Acevedo subsequently filed this appeal to the three-member Board on July 25, 2014.

On appeal to the Board, Mr. Acevedo argues his annuity has not been correctly computed and that he has not received the proper Social Security portion of his annuity to which he is entitled.

The hearings officer provided in his decision a detailed explanation of the calculation of Mr. Acevedo's Tier I and Tier II component of his railroad retirement disability annuity. The Board agrees with the hearings officer's calculations of Mr. Acevedo's Tier I and Tier II annuity components and further, finds that the above formulas were correctly applied to compute Mr. Acevedo's disability annuity. Accordingly, the Board finds that Mr. Acevedo's disability annuity was correctly calculated as permitted by law. The Board must compute railroad retirement annuities in accordance with

the benefit formulas contained in the Railroad Retirement Act (45 U.S.C. §231 et seq.), and has no authority to adjust or compute annuities otherwise.


Concerning whether Mr. Acevedo was entitled to credit for a railroad service month in 2012 on account of a payment that he received from his railroad employer in lieu of vacation taken, in Legal Opinion L-2014-31 the distinction between crediting vacation as "vacation pay" versus "payment in lieu of vacation" was discussed. L-2014-31 noted that Legal Opinion L-42-601, had discussed how to credit service months depending on how the pay was characterized. The requirements for vacation pay included, "that the employee's employment relations with the employer has not terminated and that the vacation is actually taken." In addition, "payment for the period of such vacation does not become "earned" or "payable" until the vacation is actually taken and constitutes compensation for the period of vacation so taken, irrespective of when payment is actually made." This is distinguished from payment in lieu of vacation where, "instead of the requirement that the employee take his vacation there is the requirement that the employee do not take such vacation." The opinion goes on to explain:

> "if an employee does not take his vacation but is to receive payment in lieu thereof, such payment becomes "earned" or "payable" on the last day of the vacation year, and is "compensation" for that day. *** If, however, an employee is paid an allowance in lieu of vacation prior to the end of the vacation year, such allowance will have become "earned" or "payable" on the last day of the pay period which respect to which the payment is made and will constitute "compensation" for such day."

An example of the latter scenario was given stating that if the payment in lieu of vacation is included in the employee's pay for a pay period ending October 3, the payment should be reported as compensation for the month of October. Later opinions of this office have consistently provided this advice. See, e.g. L-59-321, L-76-173. See also, *Florida East Coast Railway v. U.S.*, 470 F.2d 513, (Court of Claims 1972), (Holding pay in lieu of vacation to be deemed paid the last month of the year for RRTA purposes).

It should be noted that even if an employer argues that a payment to an employee is payment in lieu of vacation, the payment would still be considered creditable compensation. Generally, payment in lieu of vacation

occurs at the end of a vacation year or at separation from employment. In both situations, the issue becomes when to credit that lump sum payment. But if the employee does not take vacation but receives payment in lieu of vacation prior to end of the vacation year or prior to separation, such payment should be reported for the month containing the last day of the pay period with respect to which the payment is made to him. See Legal Opinion L-42-601.

Consistent with the legal opinion of the Board's General Counsel in Legal Opinion L-2014-31 and L-42-601, the Board finds that Mr. Acevedo should be credited with an additional service month for September 2012 because he was paid in September 2012 in lieu of vacation taken (Exhibit 6-1) .

The Board agrees with the decision of the hearings officer that Mr. Acevedo's disability annuity has been correctly calculated under applicable provisions of the Railroad Retirement Act. The Board also agrees with the hearings officer's finding number 6 that Mr. Acevedo correctly received credit for one deemed month of railroad service for January 2013 in lieu of vacation taken. (see Exhibit 4-3 and 4-4).

Finally, Mr. Acevedo has repeatedly questioned the payment of taxes and the computation of his annuity, stating, for example, in a letter dated February 8, 2015 addressed to the Board's Director of Hearings and Appeals that:

> "Why do the people retired that worked for the railroad from 1971 and retire an [sic] 2011 get Tier 2 for 40 years and started paid [sic] social security in 1986, that's only paying for 25 years but get paid for 40 years. I started paid [sic] social security in 1966 and started working for Union Pacific in 2002 and retire in 2013 and only get Tier 2 for 10 years."

Mr. Acevedo's statements indicate that it is his belief that career railroad employees began to pay social security taxes in 1986 but, based on those taxes, receive a much larger Tier 2 benefit than he receives. The Board hopes that the following explanation will dispel Mr. Acevedo's evident confusion about this issue.

Benefits payable to railroad retirement annuitants, like those payable to social security beneficiaries are financed by payroll taxes levied on both



6

employers and employees. The payroll taxes paid by railroad employers and railroad employees have generally been much higher than the payroll taxes paid by employees covered by social security. Railroad employees pay a Tier 1 tax, which is a tax identical to the tax paid by employees covered by social security rather than by railroad retirement. For calendar year 2015, for example, the social security tax rate on wages and the railroad retirement Tier 1 tax rate is 6.2 % on earnings up to $118,500.00 (for a maximum tax amount of $7,347.00). Railroad employees pay an additional Tier 2 tax that employees covered by social security do not pay. The Tier 2 tax rate for railroad employees for calendar year 2015 is 4.9 % on earnings up to $88,200.00 (for a maximum tax amount of $4,321.80). A railroad employee's Tier 1 annuity component is computed based on all railroad service and earnings and on all social security service and earnings, both of which have been subject to the tax identified at the beginning of this paragraph. A railroad employee's Tier 2 annuity component is computed based solely on the railroad employee's railroad earnings and service. The reason that career railroad employees in general receive a Tier 2 annuity component that is larger than the Tier 2 component payable to a railroad employee who has worked under both the railroad retirement system and the social security system is that the career railroad employees have earned more years of compensation subject to the Tier 2 tax and have thus paid far more in Tier 2 taxes for more years than was paid by the employee who worked only for part of his/her working years under the railroad retirement system.

The appeal is allowed as it relates to Mr. Acevedo's claim that he is entitled to credit for railroad service for the month of September 2012, but is otherwise denied. The case is remanded to the Chief of Compensation and Employer Services to correct Mr. Acevedo's railroad service record to properly reflect railroad service for the month of September 2012.

Walter A. Barrows

Steven J. Anthony



000040